**JS-6**; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-09120 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | October 5, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |
|---|---|

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:          Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.     INTRODUCTION

Appellant-Debtor Georges Marciano appeals from several related bankruptcy court orders ruling that an IRA account was non-exempt property of the estate and allowing the Trustee to use those funds to retain a Canadian law firm.  The bankruptcy court concluded that the account, which bore Marciano's name, was property of the estate and denied his claim of exemption based on a finding that Marciano had acted in bad faith. Because there is no reversible error in these determinations, this Court AFFIRMS the bankruptcy court's decisions.

## II.     BACKGROUND

Because the parties are well aware of the factual background of this case, the Court will therefore recite only the particular facts of relevance to this appeal.  At the time of the events in question in the bankruptcy court, Marciano was residing in Montreal, Canada.  Because the Trustee suspected that Marciano might be concealing assets there, he applied for the court's approval to hire Canadian counsel.  The application stated that the Trustee would pay the Canadian firm a retainer paid from funds drawn from an IRA account in Marciano's name. Over Marciano's objection, the bankruptcy court granted the Trustee's application.

## III.     STANDARD OF REVIEW

The Court reviews the bankruptcy court's findings of fact for clear error. *In re Palmdale Hills Property, LLC*, 457 B.R. 29, 40 (9th Cir. BAP 2011); *In re PW, LLC,* 391

**JS-6**; O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-09120 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | October 5, 2012 |
|----------|--------------------------------------------------|------|-----------------|
| Title | In re MARCIANO | | |

B.R. 25, 32 (9th Cir. BAP 2008).  For a finding to be clearly erroneous, it must be illogical, implausible, or without support in the record.  *United States v. Hinkson,* 585 F.3d 1247, 1261 (9th Cir. 2009) (en banc).  A bankruptcy court's conclusions of law are reviewed *de novo*.  *In re Reynoso*, 315 B.R. 544, 549 (9th Cir. BAP 2004).

## IV.   ANALYSIS

Marciano first contends that the bankruptcy court erred in its determination that the funds from the IRA account under Marciano's name were assets of the estate.  He claims he has no recollection of opening the account and that the account opening form contains suspicious answers indicating that someone else filled it out. But Marciano has cited no case where a court has ruled that an account in the sole name of the debtor is not a "legal or equitable interest of the debtor in property" that belongs to the estate.  11 U.S.C. § 541(a)(1).  Moreover, as the bankruptcy court noted, Marciano's counsel sent a letter seeking to recover these funds before the Trustee took control of them.  Marciano argues that the "careful" language in the letter avoided claiming ownership of the account in question.  That notion is unpersuasive and provides no basis for overturning the bankruptcy court's sound conclusion.

Marciano next takes issue with the bankruptcy court's finding that he acted in bad faith, which led to the denial of his claim of exemption.  As the party objecting to the exemption, the Trustee had the burden of demonstrating by the preponderance of the evidence that Marciano claimed the exemption in bad faith.  *See In re Nicholson*, 435 B.R. 622, 634 (9th Cir. BAP 2010). Bad faith is determined by the totality of the circumstances.  *Id.*  Because a finding of bad-faith is a factual determination, the Court reviews the finding for clear error.  *Id.*

Marciano did not file schedules of his assets and liabilities as required by 11 U.S.C § 521(a)(1)(B)(i), and when the bankruptcy court ordered him to do so, he filed blank, unsigned schedules.  But then, shortly after the Trustee filed his application seeking to pay the Canadian law firm with the IRA funds, Marciano quickly filed a schedule claiming exemption of those funds (and nothing else).  Based on these facts alone, this Court confidently concludes that the bankruptcy court's bad-faith finding was not clearly

JS-6; O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-09120 AHM<br>Bk. Case No. 1:11-BK-10426-VK | Date | October 5, 2012 |
|---|---|---|---|
| Title | In re MARCIANO | | |

erroneous.[1]  *See Nicholson*, 435 B.R. at 634 ("[A] debtor's intentional and deliberate delay in amending an exemption for the purpose of gaining an economic or tactical advantage at the expense of creditors [also] constitutes bad faith." (quoting *In re Rolland*, 317 B.R. at 416 (Bankr. C.D. Cal. 2004)).

     The Court also finds no basis for reversal in Marciano's objections to the notice of the Trustee's application to employ the Canadian firm.  Marciano claims the notice was defective because it did not cite the appropriate statute and only mentioned in a footnote that IRA funds would be used to pay the retainer. But although notice is statutorily required for this expenditure of estate funds, 11 U.S.C § 363(b)(1),"[t]he bankruptcy judge has considerable, albeit not unlimited, discretion" to determine if the parties have received adequate notice.  *In re Gonzales-Ruiz*, 341 B.R. 371, 381 (1st Cir. BAP 2006). In light of the fact that Marciano was apprised of the Trustee's intent to use the funds and objected through counsel, this Court discerns no abuse of discretion in the bankruptcy court's determination that the notice requirement was satisfied.

V.    CONCLUSION

     For the reasons stated above, the rulings of the bankruptcy court are AFFIRMED.

                                     :

               Initials of Preparer            SMO

cc: **Bankruptcy Court**

---

    [1] In light of this Court's affirmance of this point, the Court need not address Marciano's objection to the bankruptcy court's refusal to continue the hearing to allow discovery.  Marciano sought discovery to uncover the source of the funds to prove their exemption, but the source of the funds is irrelevant in light of the bankruptcy court's bad-faith finding and this Court's affirmance of it.